IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EDDIE LEVERT and WALTER WILLIAMS,
d/b/a/ THE O'JAYS

v.

PHILADELPHIA INTERNATIONAL
RECORDS, ASSORTED MUSIC, INC.,
GAMBLE-HUFF, KENNETH GAMBLE,
CHUCK GAMBLE, LEON HUFF, and THE
RIGHT STUFF/A DIVISION OF CAPITOL
RECORDS, INC.

Civil Action No. 04-1489

---

**MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF DEFENDANT CHUCK GAMBLE'S MOTION
FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P.
56 AND COUNSEL FEES PURSUANT TO 17 U.S.C. § 505**

---

# TABLE OF CONTENTS

**Page**

I.      Summary of the Current Motion..................................................................... 1

II.     Preliminary Statement.................................................................................... 1

III.    Procedural History as to Plaintiffs' Claims Against Chuck Gamble................. 3

    A.    The Original Complaint .......................................................................... 3

    B.    Original Motion to Dismiss .................................................................... 3

    C.    Plaintiffs Amended Complaint and The Ensuing Motion to Dismiss.................. 3

    D.    Discovery ............................................................................................. 4

IV.    Undisputed Facts.......................................................................................... 5

    A.    The Type of Copyrights at Issue............................................................ 5

    B.    Undisputed Facts Related to Plaintiffs' Copyright Claim Against Chuck
        Gamble................................................................................................ 6

    C.    Undisputed Facts Related to Plaintiffs' Breach of Contract Claims Against
        Chuck Gamble ..................................................................................... 8

V.     Standard Of Review...................................................................................... 10

VI.    Point One - Plaintiffs' Copyright Claim Against Chuck Gamble Should be
    Disposed of On Summary Judgment ............................................................... 11

VII.   Point Two Plaintiffs' Breach of Contract Claims Against Chuck Gamble Should
    Be Disposed Of On Summary Judgment.......................................................... 12

VIII.  Point Three - Chuck Gamble Should be Awarded Fees Pursuant to 17 U.S.C. §
    505..................................................................................................... 13

IX.    Conclusion ................................................................................................... 17

- i -

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*27th & Girard L.P. v. McDonald's Corp.*
F.Supp.2d-, 2004 U.S. Dist. LEXIS 18707
(E.D. Pa. September 14, 2004) ...................................................................................... 13

*Anderson v. Liberty Lobby, Inc.*
477 U.S. 242 (1986)............................................................................................... 10, 11

*Bieg v. Hovnanian Enter., Inc.,*
157 F. Supp. 2d 475, (E.D. Pa. 2001) ......................................................................... 12

*Big Apple BMW, Inc. v. BMW of North America, Inc.*
974 F.2d 1358 (3d Cir. 1992) ...................................................................................... 11

*Celotex Corp. v. Catrett*
477 U.S. 317 (1986)............................................................................................... 10, 12

*CoreStates Bank N.A. v. Cutillo*
1999 PA Super 14, 723 A.2d 1053, 1058 (Pa. Super. 1999) ....................................... 13

*Cottman Transmission Sys., Inc. v. Melody*
851 F. Supp. 660 (E.D. Pa. 1994).............................................................................. 13

*Dun & Bradstreet Software Services Inc. v. Grace Consulting Inc.*
307 F.3d 197 (3d Cir. 2002) ........................................................................................ 12

*Feist Publ'n, Inc. v. Rural Telephone Serv. Co., Inc.,*
499 U.S. 340, (1991)................................................................................................... 12

*Fogerty v. Fantasy, Inc.*
510 U.S. 517, n.19 (1994)............................................................................................ 14

*Ford Motor Co. v. Summit Motor Products*
930 F.2d 277 (3d Cir. 1991) ........................................................................................ 12

*Gans v. Mundy*
762 F.2d 338 (3d Cir. 1985) ........................................................................................ 11

*Gazarov v. Diocese of Erie*
80 Fed. Appx. 202 (3d Cir. 2003)................................................................................ 13

*Jarvis v. A & M Records,*
827 F. Supp. 282 (D.N.J. 1993) ..................................................................................... 5

*Lieb v. Topstone Indus., Inc.*
788 F.2d 151 (3d Cir. 1986) ........................................................................................ 14

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*
475 U.S. 574 (1986)..................................................................................................... 10

*Medical Protective Co. v. Watkins*
198 F.3d 100 (3d Cir. 1999) ........................................................................................ 10

108853.00603/21329845v1

*Moore v. Kulicke & Soffa Industries Inc.*
  318 F.3d 561 (3d Cir. 2003) .................................................................................................. 11

*Serbin v. Bora Corp.*
  96 F.3d 66, n.2 (3d Cir. 1996) .......................................................................................... 10, 11

*Siegel Transfer, Inc. v. Cartier Express, Inc.*
  54 F.3d 1125, (3d Cir. 1995) ................................................................................................. 10

*T.B. Harms Co. v. Jem Records Inc.,*
  655 F. Supp 1575 at fn. 1 (D.N.J. 1987) ................................................................................ 5

*Whelan Assoc., Inc. v. Jaslow Dental Lab., Inc.,*
  797 F.2d 1222, (3d Cir. 1986) ............................................................................................... 12

*Williams v. Nationwide Mut. Ins. Co.*
  2000 PA Super 110, A.2d 881, 884 (Pa. Super. 2000) ................................................... 1, 6, 13

**Statutes**

17 U.S.C. § 505 ...............................................................................................................i, 2, 14, 17

17 U.S.C. §106 ................................................................................................................... 12, 14

**Other Authorities**

3 Melville B. Nimmer & David Nimmer,
  <u>Nimmer on Copyright</u> ......................................................................................................... 5

Melvin B. Nimmer and  David Nimmer, <u>Nimmer on Copyrights</u> .................................................. 5

Defendant Charles B. Gamble ("Chuck Gamble") respectfully submits this memorandum and the accompanying declarations of Chuck Gamble and Oren J. Warshavsky, as well as the exhibits annexed thereto, in support of his motion for summary judgment as to all causes of action asserted against him by plaintiffs Eddie Levert ("Levert") and Walter Williams ("Williams") (collectively, "Plaintiffs").

## I.   **Summary of the Current Motion.**

In the instant action, Plaintiffs raise five separate causes of action against Chuck Gamble; two alleging copyright infringement and three alleging breach of contract. Plaintiffs have produced no facts that can support any of these claims. As such, there are no disputed issues of fact and summary judgment is appropriate here.

## II.   **Preliminary Statement.**

Although it is a bit unusual, this motion is better summed up by a simple question: Why is Chuck Gamble a defendant here? It is believed that Plaintiffs cannot provide any reasonable answer to this simple, straight-forward question.

**Copyright Infringement Claims.** Chuck Gamble has never been involved in exploiting **any** copyrights allegedly owned by Plaintiffs. Plaintiffs have produced no evidence to the contrary. Plaintiffs have produced no documents demonstrating copyright infringement. Plaintiffs have not identified a single witness who can testify about **any** of the acts of Chuck Gamble. Plaintiffs themselves know of no instance where Chuck Gamble – or even the corporate defendant with which he is affiliated – has been involved in copyright infringement.

There are no disputed facts here. Chuck Gamble did not infringe any of Plaintiffs' copyrights. Plaintiffs have produced no evidence – admissible or otherwise – which would even

suggest the contrary.  As such, summary judgment on Plaintiffs' two counts of copyright infringement is appropriate.

**Breach of Contract Claims.**  Plaintiffs allege that the contracts at issue in this case are those that they entered into with Gamble Huff Productions, Inc. and defendant Assorted Music, Inc. d/b/a Philadelphia International Records (collectively, "PIR") in 1972, 1975, 1977 and 1979. These contracts are all referenced by Plaintiffs' First Amended Complaint.  Chuck Gamble is not a signatory to these contracts.  Although defendant Kenneth Gamble is an owner of PIR, Chuck Gamble never has been.  Rather, Chuck Gamble first became employed by PIR in 1998.  Chuck Gamble was in high school when the last of these contracts was signed.

How could Chuck Gamble breach a contract to which he is not a party?

Plaintiffs have offered no explanation.

Tellingly, throughout his deposition, Plaintiffs did not once ask Chuck Gamble about any individual contractual obligations that he might have to the Plaintiffs.  Not surprisingly, there is neither a single document nor a single witness that can support Plaintiffs' claims against Mr. Gamble.  As such, summary judgment is appropriate here.

**Costs and Attorney Fees.**  17 U.S.C. § 505 provides that a prevailing party in a copyright litigation can be awarded fees.  The reason for granting fees here is explained with reference to the first question posed above – namely, why is Chuck Gamble a defendant here? There is no objectively reasonable basis in fact or law for the claim of copyright infringement against Chuck Gamble.  Plaintiffs produced no documents, and did not even ask Mr. Gamble about this issue at his deposition.  Given that Plaintiffs have utterly failed in their proofs in this regard, an award of fees is warranted.

- 2 -

III.    **Procedural History as to Plaintiffs' Claims Against Chuck Gamble**

A.    **The Original Complaint**

Plaintiffs' Complaint was filed on April 2, 2004, and at that time, Plaintiffs grouped the following defendants as one: Chuck Gamble, Kenneth Gamble, Leon Huff, Assorted Music, Inc. d/b/a Philadelphia International Records and Gamble-Huff Productions, Inc.  *See* Complaint at ¶ 3.  As such, Plaintiffs brought causes of action for breach of contract, fraud, unjust enrichment and breach of fiduciary duty against Chuck Gamble.

B.    **Original Motion to Dismiss**

Because all of the claims were based upon contracts, and because Chuck Gamble was not a party to those contracts, Chuck Gamble sought to be dismissed from those claims.  Instead of responding to Chuck Gamble's motion to dismiss, Plaintiffs filed an amended complaint.

C.    **Plaintiffs Amended Complaint and The Ensuing Motion to Dismiss.**

Plaintiffs filed a first amended complaint (the "FAC") on or about June 28, 2004.  The FAC alleges five causes of action against Chuck Gamble.  The first count, for copyright infringement, alleges that Chuck Gamble has infringed copyrights which Plaintiffs claim a beneficial ownership interest in.  *See* FAC at ¶¶ 16-73.  The second count, also for copyright infringement, relates to the registration of two copyrights in the 1980's.  *Id.* at ¶¶ 74-80.

Plaintiffs' contract claims here focus on three contracts and the addenda thereto, between Plaintiffs and either Gamble-Huff Productions, Inc. or Assorted Music, Inc. d/b/a Philadelphia International Records (collectively "PIR").  There is a 1972 Contract, which was amended in 1975, a 1977 Contract, and a 1979 Contract which was amended in 1980, 1982 and 1984.  *See*

- 3 -

FAC at ¶ 3.  Chuck Gamble is **not** a signatory to any of these contracts – nor, as stated below, was he even at PIR at the time of these contracts.

Plaintiffs' first cause of action for breach of contract focuses specifically on improper royalty statements, improper charges to Plaintiffs' royalty account with PIR, and improper payments.  *Id.* at ¶¶ 81-115.  The only contracts referenced in this cause of action are the contracts recited above.  Plaintiffs' second cause of action for breach of contract alleges a breach by virtue of the release of so-called "vaulted" recordings, and whether the contracts allow PIR to charge recording costs to Plaintiffs.  *Id.* at ¶¶ 116-138.  Plaintiffs' third cause of action for breach of contract alleges that statements rendered to the American Federation of Television and Radio Artists ("AFTRA"), have been incorrect.  *Id.* at ¶¶ 139-158.

The FAC does not explain how Chuck Gamble has a contractual duty to Plaintiffs. Chuck Gamble, along with other defendants, moved for dismissal on this ground.  That motion is pending.  Plaintiffs' twenty page opposition offered precisely two sentences as to why Chuck Gamble remains a defendant here:

> Chuck Gamble, however, is the licensing agent and contract administrator for Philadelphia International Records.  In this capacity, he is personally liable for allowing licenses that infringe on Plaintiffs' copyrights and denied them the royalties they were owed.

*See* Plaintiffs' Opposition to Defendants' Motion to Dismiss at 19.  Not surprisingly, Plaintiffs offer no legal authority (or even a factual predicate) for their position.

### D.    Discovery

Discovery in this action closes on November 15, 2004.  Plaintiffs did not identify Chuck Gamble as a witness for trial in this matter.  *See* Warshavsky Dec. Ex. A.  Likewise, Plaintiffs

- 4 -

did not identify any witness that would discuss Chuck Gamble's accused activity here. *Id.* Plaintiffs produced no documents demonstrating their copyright infringement claim against Chuck Gamble. Plaintiffs did not produce either contracts or any other document which is related to their contract claim against Chuck Gamble. Plaintiffs did indicate that, as of September 14, 2004, they produced all documents of which they were aware. *See* Warshavsky Dec. Ex. B at 49 ln. 22 – 50 ln. 7. Plaintiffs have produced no other documents since that time. *See* Warshavsky Dec. at ¶ 4.

## IV.    Undisputed Facts.

There are very few facts that are relevant here. Indeed, it is the wholesale absence of facts supporting Plaintiffs' claims that requires that the current motion be granted.

### A.    The Type of Copyrights at Issue

Plaintiffs' pleadings in this case refer generically to "songs." Yet, there are two very different types of copyrights that attach to what is usually referred to as a "song" — one copyright is in the underlying musical composition and the other is in the sound recording that embodies a particular recording. *See* 1 Melvin B. Nimmer and David Nimmer, Nimmer on Copyright (hereinafter "Nimmer"), at § 2.10[a][2] (2004).[1] An example often used to exemplify this distinction is that John Lennon and Paul McCartney wrote the composition "Yesterday," and thus they own the copyright to the composition. If another musical group (such as the Plaintiffs) were to perform "Yesterday," that musical group (or its record company) would own the

---

[1]    *See also T.B. Harms Co. v. Jem Records Inc.*, 655 F. Supp 1575, 1577 n. 1 (D.N.J. 1987); *Jarvis v. A & M Records*, 827 F. Supp. 282, 292 (D.N.J. 1993); Warshavsky & Berger, Will Case Change Law on Sampling, National Law Journal, Vol. 25; No. 6; Pg. C1 (October 14, 2002); reprinted as Fine Tuning, IP Law & Business, Vol. 02; No. 1; Pg. 41 (January 2, 2003); Copyright Office Circular 56a.

copyright to the sound recording of their recorded performance, but the ownership of the copyright in the composition would remain with John Lennon and Paul McCartney.

The copyrights at issue here only relate to compositions that allegedly were written in whole or in part by Plaintiffs. That is, the fact that any of the defendants may have exploited sound recordings embodying Plaintiffs' performance is not at issue here.        .

**B.    Undisputed Facts Related to Plaintiffs'
Copyright Claim Against Chuck Gamble**

The plaintiffs have produced **_no_** documents to demonstrate copyright infringement. Plaintiffs have not identified a witness that can testify in this regard. *See* Warshavsky Dec. Ex. A. Indeed, when questioned about **_all_** of the defendants, Mr. Williams had to admit that there were no instances of copyright infringement that he was aware of:

> Q.    Going forward, to make it easier, with your counsel's approval, I would like to call Kenneth Gamble, **Chuck Gamble**, Leon Huff, Assorted Music, Inc. and Gamble-Huff Productions, Inc. as the PIR defendants?
>
> MR. GRANT:  What about Gamble-Huff productions, no "Inc."
>
> MR. WARSHAVSKY:  Okay.  And Gamble-Huff productions, no "Inc." ...
>
> MR. GRANT:  That's fine.  What he's saying excluding Capitol, when he refers to the PIR defendants, that's how he is talking about.  Kenneth Gamble, Leon Huff, Gamble-Huff Productions, Gamble-Huff Productions Inc.   That includes everybody except Capitol so **when he says PIR defendants he means everybody but Capitol**.
>
> *       *       *
>
> Q.    Over the last six year, are you aware of any instance where the PIR defendants have manufactured or released a product with any of these compositions?
>
> A.    **I'm not aware**.

- 6 -

> Q.    Over the last six years, are you aware of any instance where the PIR defendants have issued a license for any of these compositions?
>
> A.    **I'm not aware**.

See Warshavsky Dec. Ex. C at 76-77, 99. (*emphasis added*).

Plaintiffs' failure to identify any exploitation of the salient compositions over the last six (6) years is the result of one undisputable fact – Chuck Gamble has not exploited these composition at any time. *See* Gamble Dec. at ¶ 4. To be clear, Chuck Gamble began working at PIR in 1998. *Id.* at ¶ 5. In Chuck Gamble's tenure at PIR, PIR only has manufactured one commercial audio product – which was a compact disc by a different artist, which did not contain any of the compositions at issue here. *Id.* at ¶ 6. In Chuck Gamble's tenure at PIR, PIR has not issued licenses (or otherwise authorized the exploitation of) a single composition at issue here. *Id.* at ¶ 7. Chuck Gamble as an individual has never exploited or authorized the exploitation of any of the compositions identified by Plaintiffs. *Id.* at ¶ 8.

Plaintiffs deposed Chuck Gamble in this matter. *See* Warshavsky Dec. at Ex. D. Remarkably, Plaintiffs did not once ask Chuck Gamble about **any** of these compositions. *See* Gamble Dec. at ¶ 9. Likewise, Plaintiffs did not question Chuck Gamble about the manufacture of records, or other exploitation of compositions. *Id.* at ¶ 10. Indeed, Plaintiffs did not question Mr. Gamble about the licensing of compositions belonging to Plaintiffs – which is the putative reason that Mr. Gamble is named as a defendant here. *Id.* at ¶ 11. Instead, the **only** question about licenses had to do with master recordings – which copyrights are not at issue in this case. *See* Warshavsky Dec. Ex. D at 118.

- 7 -

C.    **Undisputed Facts Related to Plaintiffs' Breach of
      Contract Claims Against Chuck Gamble**

The first contract at issue in this case is a 1972 contract between Plaintiffs and Gamble-Huff Productions, Inc., which is a predecessor to defendant Assorted Music, Inc. (the "1972 Contract"). *See* Warshavsky Dec. Ex. E. Chuck Gamble is not a party or a signatory to the 1972 Contract. *Id.* Chuck Gamble was not affiliated with PIR in 1972 – he was only ten (10) years old at the time it was signed. *See* Gamble Dec. at ¶ 12. Chuck Gamble has never assumed any of the rights or obligations under the 1972 Contract. *Id.* at ¶ 13.

The 1972 Contract was amended in 1975 (the "1975 Amendment"). *See* Warshavsky Dec. Ex. F. The 1975 Amendment is between Plaintiffs and PIR. *Id.* Chuck Gamble is not a party or a signatory to the 1975 Amendment. *Id.* Chuck Gamble was not affiliated with PIR in 1975. *See* Gamble Dec. at ¶ 14. Chuck Gamble has never assumed any of the rights or obligations under the 1975 Amendment. *Id.* at ¶ 15.

Plaintiffs and PIR entered into another contract in 1977 (the "1977 Contract"). *See* Warshavsky Dec. Ex. G. The 1977 Contract is between Plaintiffs and PIR. *Id.* Chuck Gamble is not a party or a signatory to the 1977 Contract. *Id.* Chuck Gamble was not affiliated with PIR in 1977. *See* Gamble Dec. at ¶ 16. Chuck Gamble has never assumed any of the rights or obligations under the 1977 Contract. *Id.* at ¶ 17.

Plaintiffs and PIR entered into yet another contract in 1979 (the "1979 Contract"). *See* Warshavsky Dec. Ex. H. The 1979 Contract is between Plaintiffs and PIR. *Id.* Chuck Gamble is not a party or a signatory to the 1979 Contract. *Id.* Chuck Gamble was not affiliated with PIR in 1979. *See* Gamble Dec. at ¶ 18. Chuck Gamble has never assumed any of the rights or obligations under the 1979 Contract. *Id.* at ¶ 19.

- 8 -

The 1979 Contract was amended in 1980 (the "1980 Amendment").  *See* Warshavsky Dec. Ex. I.  The 1980 Amendment is between Plaintiffs and PIR.  *Id.*  Chuck Gamble is not a party or a signatory to the 1980 Amendment.  *Id.*  Chuck Gamble was not affiliated with PIR in 1980.  *See* Gamble Dec. at ¶ 20.  Chuck Gamble has never assumed any of the rights or obligations under the 1980 Amendment.  *Id.* at ¶ 21.

The 1979 Contract was amended again in 1982 (the "1982 Amendment").  *See* Warshavsky Dec. Ex. J.  The 1982 Amendment is between Plaintiffs and PIR.  *Id.*  Chuck Gamble is not a party or a signatory to the 1982 Amendment.  *Id.*  Chuck Gamble was not affiliated with PIR in 1982.  *See* Gamble Dec. at ¶ 22.  Chuck Gamble has never assumed any of the rights or obligations under the 1982 Amendment.  *Id.* at ¶ 23.

The 1979 Contract was amended again in 1984 (the "1984 Amendment").  *See* Warshavsky Dec. Ex. K.  The 1984 Amendment is between Plaintiffs and PIR.  *Id.*  Chuck Gamble is not a party or a signatory to the 1984 Amendment.  *Id.*  Chuck Gamble was not affiliated with PIR in 1984.  *See* Gamble Dec. at ¶ 24.  Chuck Gamble has never assumed any of the rights or obligations under the 1984 Amendment.  *Id.* at ¶ 25.

To be clear, Plaintiffs have never had a contract with Chuck Gamble.  *Id.* at ¶ 26.  Chuck Gamble has never assumed any of the rights, obligations and/or responsibilities under any contracts between any party on the one hand and the Plaintiffs on the other.  *Id.* at ¶ 27.

The utter frivolousness of Plaintiffs' claim against Chuck Gamble was best summed up by Plaintiff Eddie Levert:

> Q.    Have you ever met Chuck Gamble?
>
> A.    Occasionally, yes.
>
> Q.    Do you have any type of relationship with him?

- 9 -

A.    No.

*See* Warshavsky Dec. Ex. L at 57-58.

## V.    Standard Of Review

In deciding a motion for summary judgment under Rule 56 of the Federal Rules of Civil

Procedure, the "test is whether there is a genuine issue of material fact and, if not, whether the

moving party is entitled to judgment as a matter of law." *Medical Protective Co. v. Watkins*, 198

F.3d 100, 103 (3d Cir. 1999). *See also Serbin v. Bora Corp.*, 96 F.3d 66, 69, n.2 (3d Cir. 1996).

"As to materiality, the substantive law will identify which facts are material.  Only disputes over

facts that might affect the outcome of the suit under the governing law will properly preclude the

entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Where the nonmoving party bears the burden of persuasion at trial, as Plaintiffs do in the

present case, "the burden on the moving party may be discharged by 'showing' -- that is,

pointing out to the district court -- that there is an absence of evidence to support the nonmoving

party's case." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

The party opposing the motion for summary judgment cannot rest on mere allegations

and instead must present actual evidence that creates a genuine issue as to a material fact for

trial.  *See Anderson v. Liberty Lobby, supra*, 477 U.S. at 243; *Siegel Transfer, Inc. v. Cartier

Express, Inc.*, 54 F.3d 1125, 1130-31 (3d Cir. 1995).  The nonmoving party "must do more than

simply show that there is some metaphysical doubt as to the material facts," (*Matsushita Elec.

Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)), and must produce more than a

"mere scintilla" of evidence to demonstrate a genuine issue of material fact and avoid summary

- 10 -

judgment. *See Big Apple BMW, Inc. v. BMW of North America, Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992); *Gans v. Mundy*, 762 F.2d 338, 341 (3d Cir. 1985).

Thus, i f t he n on-movant's e vidence o n a ny essential e lement o f t he c laims a sserted i s merely "colorable" or is "not significantly probative," the court should enter summary judgment in favor of the moving party. *Anderson v. Liberty Lobby*, *supra*, 477 U.S. at 249-250. In other words, the non-moving party must "make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial." *Serbin*, 96 F.3d at 69, n.2.

## VI.    Point One -    Plaintiffs' Copyright Claim Against Chuck Gamble Should be Disposed of On Summary Judgment

This point is relatively straightforward. Plaintiffs have no evidence that Chuck Gamble infringed any of the copyrights they claim to own. Plaintiffs' lack of evidence is a result of the fact that Chuck Gamble never did infringe any of these copyrights.

Here, Plaintiffs bear the burden of demonstrating that Chuck Gamble engaged in copyright infringement. To wit, "[i]n a suit for copyright infringement the plaintiff must prove that his copyrighted composition has been copied by the defendant, that is, he has the burden of establishing the requisites of the case." *Moore v. Kulicke & Soffa Industries Inc.*, 318 F.3d 561 (3d Cir. 2003). The proof that Plaintiffs must demonstrate here are well known: "[t]o establish a claim of copyright infringement, a plaintiff must establish: (1) ownership of a valid copyright; and (2) unauthorized copying of original elements of the plaintiff's work." *Dun & Bradstreet*

- 11 -

*Software Services Inc. v. Grace Consulting Inc.*, 307 F.3d 197, 206 (3d Cir. 2002).[2] "Copying is a shorthand reference to the act of infringing any of the copyright owner's five exclusive rights set forth at 17 U.S.C. §106." *Id.* (*citing Ford Motor Co. v. Summit Motor Products*, 930 F.2d 277, 291 (3d Cir. 1991)).

Accordingly, for the issues present here, on which the Plaintiffs bear the burden of proof, Chuck Gamble may simply point out the absence of evidence to support the Plaintiffs' case. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 322-23.

In responding to discovery and identifying which witnesses Plaintiffs intend to call at trial, Plaintiffs did not identify a single witness that could testify about Chuck Gamble's alleged copyright infringement. *See* Warshavsky Dec. Ex. A at 1-3. Chuck Gamble is not even identified as a witness! *Id.*

Plaintiffs failed to identify **any** acts of copyright infringement. Mr. Gamble has never been involved in the exploitation of **any** of the compositions at issue here. *See* Gamble Dec. at ¶¶ 4-11. In short, there are no witnesses or documents that support Plaintiffs' claims of copyright infringement. Accordingly, summary judgment is appropriate.

---

[2]      *See also Feist Publ'n, Inc. v. Rural Telephone Serv. Co., Inc.*, 499 U.S. 340, 361 (1991); *Whelan Assoc., Inc. v. Jaslow Dental Lab., Inc.*, 797 F.2d 1222, 1231 (3d Cir. 1986); *Bieg v. Hovnanian Enter., Inc.*, 157 F. Supp. 2d 475, 479 (E.D. Pa. 2001).

- 12 -

**VII.    Point Two    Plaintiffs' Breach of Contract Claims Against Chuck**
**Gamble Should Be Disposed Of On Summary Judgment**

This point is also quite simple.  As a Court in this District recently explained,

> A cause of action for breach of contract under Pennsylvania
> law has three elements: (1) the existence of a contract, including its
> essential terms, (2) a breach of duty imposed by the contract, and
> (3) resultant damages.

*27th & Girard L.P. v. McDonald's Corp.*, -F.Supp.2d-, 2004 U.S. Dist. LEXIS 18707 (E.D. Pa.

September 14, 2004) (*quoting Gazarov v. Diocese of Erie*, 80 Fed. Appx. 202, 206 (3d Cir.

2003) and *Williams v. Nationwide Mut. Ins. Co.*, 2000 PA Super 110, 750 A.2d 881, 884 (Pa.

Super. 2000)).  *See also  CoreStates Bank N.A. v. Cutillo,* 1999 PA Super 14, 16, 723 A.2d 1053,

1058 (Pa. Super. 1999); *Cottman Transmission Sys., Inc. v. Melody*, 851 F. Supp. 660, 672 (E.D.

Pa. 1994).

Plaintiffs have not identified the existence of a contract with Chuck Gamble.

Chuck Gamble is not a party to any of the contracts at issue in this lawsuit, or the

amendments thereto.  *See* Warshavsky Dec. Exs. E-K.  Chuck Gamble has never entered into a

single contract with Plaintiffs.  *See* Gamble Dec. at ¶¶ 12-27.

Given the foregoing, summary judgment on Plaintiffs' causes of action for breach of

contract is appropriate.

VIII.  **Point Three -**    **Chuck Gamble Should be Awarded Fees**
                            **Pursuant to 17 U.S.C. § 505.**

As indicated above, the basis for an award of attorney fees comes with the answer to the

question posed at the beginning of this memorandum: Why is Chuck Gamble a defendant in this

action?  Given the undisputed record here, the answer to that question is one word: harassment.

As such, given the frivolous nature of the claims here, costs and attorney fees should be awarded

to Chuck Gamble under 17 U.S.C. § 505.

The Copyright Act provides for an award of attorney's fees and costs to the prevailing

party.  17 U.S.C. § 505.  In *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994), the Supreme

Court approved of "nonexclusive factors" to help determine whether the award of attorney's fees

is appropriate.  These factors include "frivolousness, motivation, objective unreasonableness

(both in the factual and in the legal components of the case) and the need in particular

circumstances to advance considerations of compensation and deterrence."  *Id.*  The *Fogerty*

Court actually was applying Third Circuit law on this point – as these factors were first detailed

in *Lieb v. Topstone Indus., Inc.*, 788 F.2d 151, 154 (3d Cir. 1986)

Applying the foregoing factors here, it is beyond dispute that Chuck Gamble should

receive an award of attorney's fees.  The Plaintiffs have accused Chuck Gamble of copyright

infringement.  Yet, the evidence presented thus far shows that **none** of these compositions even

have been exploited – let alone exploited during the relevant time period or at any point during

Chuck Gamble's tenure at PIR.  Plaintiffs have presented no evidence, documentary or

otherwise, nor have they pointed to the existence of any evidence upon which this Court could

infer that Chuck Gamble violated the exclusive rights of the copyright owner(s) as provided in

17 U.S.C. §106.

- 14 -

**Frivolousness and Objective Reasonableness**

Chuck Gamble has never been involved in exploiting the compositions at issue here. PIR has not exploited any of these compositions at any time since Chuck Gamble joined PIR in 1998. Yet, in 2004, Plaintiffs boldly assert copyright infringement – without any basis for making such a claim. If the Plaintiffs and/or Plaintiffs' counsel had deigned to participate in even a cursory pre-filing investigation, they would have been aware that Chuck Gamble had not participated in any form of copyright infringement of the compositions at issue.

It cannot go unnoted that Plaintiffs did not even question Chuck Gamble about these matters in this lawsuit. The entire deposition of Chuck Gamble dealt with the inner workings of PIR. Not once did Plaintiffs ask about the compositions at issue. Not once did Plaintiffs inquire into the issue of copyright infringement. Not once did Plaintiffs ask about their alleged contracts with Chuck Gamble. If Plaintiffs truly believed that their claims against Chuck Gamble had even a shred of legitimacy, they would not have utterly failed to ask him one question about these claims during his deposition.

**Motivation.**

Plaintiffs' motivation here can only be harassment. There have been two separate motions to dismiss Chuck Gamble from this action. Plaintiffs have resisted both. Yet, Plaintiffs failed even to identify Chuck Gamble as a witness. Plaintiffs failed to identify a single witness or document that could attest to Chuck Gamble's culpability. Given the facts in this case, Plaintiffs' motivation here – namely, harassment – is clear.

The Plaintiffs have not proven that Chuck Gamble reproduced, prepared a derivative work of, or distributed any copies of the copyrighted work at issue. There simply is no objective reasonable basis for Plaintiffs' claims. Rather Plaintiffs' claims against Chuck Gamble are frivolous.

### Need for Deterrence and Compensation.

Plaintiffs caused Mr. Gamble to incur significant time and expense related to this case. Mr. Gamble spent entire weeks focused on this case – time that he could have spent working on other matters. *See* Gamble Dec. at ¶¶ 28-29. There was no good reason for Plaintiffs to bring the first complaint against Chuck Gamble. That Plaintiffs then amended their complaint to raise new causes of action against Mr. Gamble – apparently without even a pre-filing inquiry – demonstrates that Plaintiffs have been using this action for inappropriate reasons. Once Plaintiffs engaged in reviewing their own discovery responses and that of all of the defendants, they clearly should have realized that Chuck Gamble was not properly a party here – nonetheless, this action was continued against Mr. Gamble.

Plaintiffs should be held accountable for their decision to use this litigation as a game. Plaintiffs should be forced to pay the reasonable costs associated with Mr. Gamble's defense in this matter. An award will deter such baseless filings in the future.

## IX.    Conclusion

For each and all of the foregoing reasons, this Court should grant summary judgment in favor of Chuck Gamble as to Plaintiffs' First and Second Causes of Action for Copyright Infringement, and as to Plaintiffs' Third, Fourth and Fifth Causes of Action for Breach of

Contract. Additionally, this Court should award to Chuck Gamble reasonable costs and fees

pursuant to 17 U.S.C. § 505.

Respectfully Submitted,

Date: November 5, 2004                          Oren J. Warshavsky, Esq. (admitted *pro hac vice*)
                                                GIBBONS, DEL DEO, DOLAN,
                                                GRIFFINGER & VECCHIONE, P.C
                                                One Pennsylvania Plaza
                                                New York, New York 100119
                                                Telephone: (212) 649-4700
                                                Facsimile: (973) 639-8380


                                                        -and-

By :                                            _____
                                                Denis James Lawler, Esq.
                                                Attorney I.D. No. 17154
                                                BLANK ROME LLP
                                                One Logan Square
                                                Philadelphia, Pennsylvania 19103
                                                Telephone: (215) 569-5550
                                                Facsimile: (215) 832-5550

- 17 -

<u>CERTIFICATE OF SERVICE</u>

I, Lisa F. Troilo, hereby certify that I am an employee of Blank Rome LLP, as secretary to Denis James Lawler, Esquire, and that on the 5th day of November, 2004, I did cause to be served a true and correct copy of the foregoing Defendant Chuck Gamble's Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56 and Counsel Fees Pursuant to 17 U.S.C. § 505, together with supporting Memorandum of Law and Declarations of Chuck Gamble and Oren Warshavsky, the originals of which were electronically filed on November 5, 2004, upon the following via United States First Class Mail, postage prepaid:

Ann E. Lebowitz, Esquire<br/>
Charles J. Grant, Esquire<br/>
Grant & Lebowitz, LLC<br/>
1818 Market Street<br/>
Suite 3301<br/>
Philadelphia, PA 19103<br/>
Fax:  215-789-3113

Attorneys for Plaintiffs

Lisa F. Troilo